IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JOHN GASSAWAY,

    Petitioner,

v.                                                          Civil Action No. **3:08CV415**

**UNITED STATES PAROLE COMMISSION,**

    Respondent.

## MEMORANDUM OPINION

Petitioner, a District of Columbia ("D.C.") offender formerly imprisoned in the Federal Correctional Center at Petersburg, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the United States Parole Commission's ("the Commission") decision to deny him parole. Petitioner contends that he is entitled to relief upon the following grounds:

    Claim One    The Commission violated Petitioner's rights under the Ex Post Facto Clause[1] because it should have utilized the D.C. parole guidelines in effect at the time he committed his offenses to review his suitability for release on parole. Instead, the Commission used new, stricter parole guidelines to deny Petitioner parole; and,

    Claim Two    When the Commission applied the new parole guidelines set forth at 28 C.F.R. § 2.80, Petitioner's rights were violated because he did not receive proper credit for his superior program achievement under these guidelines.

(§ 2241 Pet. 3, 4.)

By Memorandum Opinion and Order entered on September 23, 2009, the Court provisionally dismissed Claim One as moot and ordered further briefing on Claim Two.

---

[1] "No Bill of Attainder or *ex post facto* Law shall be passed." U.S. Const. art. 1, § 9, cl. 3.

# I. CLAIM ONE IS MOOT

In Claim One, Petitioner contends that the Commission violated his rights under the *Ex Post Facto* Clause by applying the New Parole Guidelines set forth in 28 C.F.R. § 2.80, rather than the D.C. Parole Board parole regulations in effect at the time he committed his offenses. If Petitioner prevailed on his *ex post facto* claim, he would not be entitled to immediate release. *See Taylor v. Craig*, No. 5:05cv00781, 2009 WL 900048, at *13 (S.D. W. Va. Mar. 24, 2009). Rather, "[a]t best, he would be entitled to a new parole hearing with instructions to the [Commission] to exercise its discretion within the framework" of the D.C. Parole Board parole regulations in effect at the time he committed his offenses. *Id.* (*citing Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see also Sellmon v. Reilly*, 551 F. Supp. 2d 66, 99-100 (D.D.C. 2008). The Commission has provided Petitioner with this relief and conducted a new hearing and applied the D.C. Parole Board regulations in effect at the time he committed his offense. (Notice of Completion of Reconsideration Hearing Pursuant to 28 C.F.R. § 2.80(o)(1) (Docket No. 26).) The provision of that hearing moots Petitioner's ex post facto claim. *See Wilson v. Reilly*, 163 F. App'x 122, 125 (3d Cir. 2006) (No. 05-3390), *available at* 2006 WL 73156, at *3. Accordingly, Claim One will be DISMISSED AS MOOT.

# II. PROCEDURAL HISTORY

On June 28, 1994, Petitioner was involved in an altercation with two other individuals, who shot at Petitioner. Petitioner fled the scene, but returned with a gun. Petitioner fired a shot and killed an innocent bystander. On August 23, 1995, the Superior Court of the District of Columbia convicted Petitioner of committing assault with intent to kill while armed, armed manslaughter, carrying a pistol without a license, and possession of a firearm during the

commission of a crime of violence. The Superior Court sentenced Petitioner to 13 to 39 years in prison. (Respt.'s Mot. to Dismiss Ex. A.)

On August 5, 1998, the Commission assumed the D.C. Board of Parole's authority, was given exclusive jurisdiction over parole decisions for all D.C. felony offenders, and was given exclusive authority to amend or supplement any regulation interpreting or implementing D.C.'s parole laws concerning felons. *See* D.C. Code § 24-131(a)(1). Based on its newfound authority under D.C. Code § 24-131, the Commission amended D.C.'s parole guidelines. These new parole guidelines are now set forth at 28 C.F.R. § 2.80 (hereinafter "the New Parole Guidelines").

On April 18, 2007, a Commission hearing examiner conducted Petitioner's parole hearing pursuant to the New Parole Guidelines. Under the New Parole Guidelines, the Commission calculates when an inmate is presumptively suitable for release on parole. *See* 28 C.F.R. § 2.80(l). The end result of this calculation is a range of months called the Total Guideline Range. An inmate is presumptively suitable for release on parole after serving the months specified in the Total Guideline Range.[2]

The first step to determining the Total Guideline Range is to ascertain the minimum number of months the prisoner must serve before he becomes eligible for parole. *Id.* For D.C. Code offenders, the minimum term to be eligible for parole generally is one-third of the maximum sentence imposed by the court less any good-time credits. In Petitioner's case, he was eligible for parole after 156 months.

---

[2] The Commission retains discretion to depart from the Total Guideline Range when deciding whether to grant or deny parole, provided that it explains the rationale for its decision. *See* 28 C.F.R. § 2.80(n)(1).

3

The second step in determining a prisoner's Total Guideline Range is to calculate a prisoner's Base Point Score.[3] The Base Point Score attempts to account for factors such as risk of recidivism and the inmate's potential for violence. *See id.* § 2.80(f)-(h). Petitioner's Base Point Score was 7, which resulted in a Base Point Guideline Range of 72 to 96 months. This Base Point Guideline Range was added to Petitioner's 156 month minimum term, resulting in a guideline range of 228 to 252 months. *See* 28 C.F.R. § 2.80(l).

The third step accounts for an inmate's institutional adjustment. At the third step, the Commission adds months to the guideline range for negative institutional behavior and subtracts months from the guideline range for superior program achievement ("SPA").[4] *See* 28 C.F.R. § 2.80(j)-(l). The initial hearing examiner noted:

> **Program Achievement:** The subject receives above average work reports for his job in Food Service. The subject's case manager stated that it was very difficult to get a job at USP Terre Haute and he commended the subject for doing so and doing well. I will be recommending the subject for a 4 month SPA based upon this. The subject has also completed the Seven Habits of Highly Affective [sic] People, and his discussion of that program, it appeared that he got quite a bit out of it in terms of learning the value of respecting others to make it easier for himself to get along not only in prison but in the community. He has also taken Business for Beginners, Creative Writing, Safety, OSHA and Parenting.
>
> **Superior Program Achievement Award Recommendation:** This recommendation includes a 4 month credit for Superior Program Achievement; specifically, for receiving positive work evaluations and completion of educational programs.

---

[3] The Commission uses the Base Point Score to generate a range of months that are added to the minimum number of months the prisoner must serve before he becomes eligible for parole.

[4] In Claim Two, Petitioner only challenges alleged errors in calculating his award for superior program achievement. Petitioner does not challenge the Commission's 0-2 month increase to his guideline range for a disciplinary infraction. (Respt.'s Mot. to Dismiss Ex. D at 3.)

4

(Respt.'s Mot. to Dismiss Ex. B at 2.) A second hearing examiner, an executive hearing examiner, reviewed Petitioner's case before it was submitted to the Commission. The executive hearing examiner assumed that the 4-month SPA reduction was based on 1 year of SPA completed in 2006. (Respt.'s Mot. to Dismiss Ex. B at 4.) Ultimately, the executive hearing examiner concluded that Petitioner's Total Guideline Range was 224 to 250 months, recommended that Petitioner be denied parole, but recommended that a reconsideration hearing should be held in 60 months.

Petitioner challenged the conclusion that he was only entitled to 4 months credit with respect to SPA.[5] (Mem. in Supp. of § 2241 Pet. Ex. C.) Petitioner noted that both hearing examiners had overlooked numerous programs and classes that he had completed in assessing his award of SPA credit. In light of those achievements, Petitioner asserted that he was entitled to a greater SPA award.[6]

---

[5] It appears that Petitioner sent the letter, which he attached as Exhibit C to his petition, after the executive hearing examiner made his decision, but before the Commission rendered its final decision on May 22, 2007. The letter, however, is not mentioned in the Commission's decision or in any of the papers submitted by the Commission.

[6] The pertinent regulation provides:
> Guidelines for superior program achievement. If superior program achievement is found, the award for superior program achievement shall be one-third of the number of months during which the prisoner demonstrated superior program achievement. The award is determined on the basis of all time in confinement on the current offense in the case of an initial hearing, and on the basis of time in confinement since the last hearing in the case of a rehearing. If superior program achievement is not found, this step is not applicable.
> Note: When superior program achievement is found, it is presumed that the award will be based on the total number of months since the beginning of confinement on the current offense in the case of an initial hearing, or since the last hearing in the case of a rehearing. Where, however, the Commission determines that the prisoner did not have superior program achievement during the entire period, it may base its decision solely on the number of months during which the prisoner had superior program achievement.

28 C.F.R. § 2.80(k).

The Commission agreed with the executive hearing examiner. On May 22, 2007, the Commission denied Petitioner parole and continued him to a reconsideration hearing in 60 months.

### III. DENIAL OF ADEQUATE CREDIT FOR SUPERIOR PROGRAM ACHIEVEMENT

In Claim Two, Petitioner asserts:

> If this court find that the U.S. Parole Comm. did see Petitioner under proper guidelines, then Petitioner was treated different in reference to the superior program guidelines ---- he was only given credit for programing while in the custody of the FBOP . . . . This is also a liberty interest because time off for superior programing would also change Petitioner's parole eligibility date.

(§ 2241 Pet. 4 (ellipses in original; capitalization corrected).) Liberally construed, Petitioner essentially contends that his rights were violated when the Commission applied the New Parole Guidelines set forth at 28 C.F.R. § 2.80 because the Commission did not follow its own regulations in awarding him credit for his superior program achievement. *See Garcia v. Neagle*, 660 F.2d 983, 988-89 (4th Cir. 1981); *Kirk v. White*, 627 F. Supp. 423, 425-26 (E.D. Va. 1986). Petitioner does not contend that the Commission abused its discretion in determining that he was not entitled to a greater award for SPA. Rather, Petitioner asserts that the Commission did not exercise its discretion because it relied upon inaccurate and incomplete information when evaluating him for a SPA award. *Cf. Furnari v. Warden, Allenwood Fed. Corr. Inst.*, 218 F.3d 250, 254 (3d Cir. 2000) ("'[T]he Commission may not base its judgment as to parole on an inaccurate factual predicate.'" (*quoting Campbell v. U.S. Parole Comm'n*, 704 F.2d 106, 109-10 (3d Cir. 1983))). Petitioner notes:

> [H]e received his GED in 2001 and Literacy Program after six months of schooling. He also received an Apprenticeship in Commercial Cleaning in 2004, after completing 2000 hours of schooling. There are several other accomplishments that

6

are presented in Mr. Gassaway's educational transcripts. . . . Mr. Gassaway has received over (35) accomplished programs in various areas of education and psychology in rehabilitating himself that he asks to be credited for.

(Mem. in Supp. of § 2241 Pet. Ex. C.)[7]

Respondent acknowledges that, "there may be some merit" to Petitioner's claim "that he did not receive credit at his initial hearing for all of the programs that he completed while in custody." (2nd Supp'l Br. 4.) Respondent continues that, "[i]f the Commission had been informed at Petitioner's hearing of the additional programs that Petitioner had completed prior to the hearing, Petitioner's participation in the apprenticeship program from December 8, 2003 until September 22, 2004, or 9 months, would have been found to have qualified for SPA and would likely have resulted in an additional award of 3 months under 28 C.F.R. § 2.80(k)." (2nd Supp'l Br. 5.)[8] Despite this apparent error, Respondent contends that Petitioner is not entitled to any relief because Petitioner probably would not have been paroled at the initial hearing.[9] Specifically, Respondent notes that if Petitioner had been awarded 7 months of SPA instead of 4 months of SPA at the initial hearing in 2007, his Total Guideline Range "would have been 221-

---

[7] In her summary of Petitioner's programs, the hearing examiner did not mention Petitioner's GED or Petitioner's apprenticeship in Commercial Cleaning. (Respt.'s Mot. to Dismiss Ex. B at 2.)

[8] Respondent contends that Petitioner would not have been entitled to additional SPA credit for his GED, because Petitioner's earned his GED in 1991 prior to his current period of confinement. (2nd Supp'l Br. 5.) Additionally, Respondent contends Petitioner's remaining accomplishments are insufficient to warrant an award of SPA. (2nd Supp'l Br. 5.)

[9] Neither party directs the Court to regulations that govern the gathering or challenging of information used to assess an inmate's program achievement. To the extent Respondent suggests that Petitioner failed to follow the correct procedures in informing the Commission as to all of the programs he had completed, Respondent must direct the Court to the pertinent rules or regulations. (2nd Supp'l Br. 5.)

7

251 months to be served before parole. He had served 152 months at the time of the initial hearing, therefore a decision to parole him at the initial hearing would be a decision outside the parole guidelines." (2nd Supp. Br. 5.)

Respondent's argument in this regard fails to account for the fact that, under the pertinent regulations, the apparent error in awarding Petitioner SPA credit will be carried forward and will impact Petitioner's parole date at future parole reconsideration hearings. *See* 28 C.F.R. § 2.80(k) (stating the SPA "award is determined on the basis of all time in confinement on the current offense in the case of an initial hearing, and on the basis of time in confinement since the last hearing in the case of a rehearing."); *see also* 28 U.S.C. § 2.80(m). Specifically, the error in calculating Petitioner's Total Guideline Range at the initial hearing will continue to be used to calculate his Total Guideline Range at his subsequent parole reconsideration hearings.

> Determining the total guideline range at a reconsideration hearing. At a reconsideration hearing--
> (1) Add together the minimum of the Total Guideline Range from the previous hearing, and the minimum of the guideline range for disciplinary infractions since the previous hearing, if applicable (from paragraph (j) of this section). Then subtract the award for superior program achievement, if applicable (from paragraph (k) of this section). The result is the minimum of the Total Guideline Range for the current hearing.
> (2) Add together the maximum of the Total Guideline Range from the previous hearing, and the maximum of the guideline range for disciplinary infractions since the previous hearing, if applicable (from paragraph (j) of this section). Then subtract the award for superior program achievement **since the previous hearing,** if applicable (from paragraph (k) of this section). The result is the maximum of the Total Guideline Range for the current hearing.

28 U.S.C. § 2.80(m) (emphasis added).

Given the foregoing circumstances, Respondent is DIRECTED to brief, within twenty (20) days of the date of entry hereof, the appropriate remedy, if any, for the error in calculating

the award of SPA at Petitioner's parole hearing.[10] Any response by Petitioner must be filed within thirty-five (35) days of the date of entry hereof.

An appropriate Order shall issue.

Dated: 7-22-10
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge

---

[10] It appears that the Commission need only afford Petitioner a hearing at which it considers an award of SPA based on the totality of programs Petitioner completed prior to the initial parole hearing in 2007.

9