

JOHN GASSAWAY,

    Petitioner,

v.                                            Civil Action No. 3:08CV415

UNITED STATES PAROLE COMMISSION,

    Respondent.

## MEMORANDUM OPINION

John Gassaway, a District of Columbia ("D.C.") offender formerly imprisoned in the Federal Correctional Center at Petersburg, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Gassaway challenges the United States Parole Commission's ("the Commission") decision to deny him parole. For the reasons set forth below, the action will be dismissed as moot.

### I. Gassaway's Original Conviction

On August 23, 1995, the Superior Court of the District of Columbia convicted Gassaway of committing assault with intent to kill while armed, armed manslaughter, carrying a pistol without a license, and possession of a firearm during the commission of a crime of violence. The Superior Court sentenced Gassaway to 13 to 39 years in prison. (Respt.'s Mot. to Dismiss Ex. A.)

On August 5, 1998, the Commission assumed the D.C. Board of Parole's authority, was given exclusive jurisdiction over parole decisions for all D.C. felony offenders, and was given exclusive authority to amend or supplement any regulation interpreting or implementing D.C.'s parole laws concerning felons. *See* D.C. Code § 24-131(a)(1). Based on its newfound authority

under D.C. Code § 24-131, the Commission amended D.C.'s parole guidelines. These new parole guidelines are now set forth at 28 C.F.R. § 2.80 (hereinafter "the New Parole Guidelines").

## II. Gassaway's Parole Review Under The New Parole Guidelines

On April 18, 2007, a Commission hearing examiner conducted Petitioner's parole hearing pursuant to the New Parole Guidelines. On May 22, 2007, the Commission denied Gassaway parole and continued him to a reconsideration hearing in 60 months.

## III. The Federal Habeas Proceedings

On June 30, 2008, the Court received Petitioner's § 2241 petition. Gassaway asserted that he was entitled to relief upon the following grounds:

Claim One  The Commission violated Gassaway's rights under the Ex Post Facto Clause[1] because it should have utilized the D.C. parole guidelines in effect at the time he committed his offenses to review his suitability for release on parole. Instead, the Commission used new, stricter parole guidelines to deny Gassaway parole; and,

Claim Two  When the Commission applied the New Parole Guidelines set forth at 28 C.F.R. § 2.80, Gassaway's rights were violated because he did not receive proper credit for his superior program achievement under these guidelines.

(§ 2241 Pet. 3, 4.)

While Gassaway's habeas petition was pending, the Commission enacted 28 C.F.R. § 2.80(o)(1). That regulation, which became effective as of August 19, 2009, allows D.C. offenders such as Gassaway to "receive a parole determination using the 1987 guidelines of the former District of Columbia Board of Parole." 28 C.F.R. § 2.80(o)(1). The Commission

---

[1] "No Bill of Attainder or *ex post facto* Law shall be passed." U.S. Const. art. 1, § 9, cl. 3.

2

subsequently provided Gassaway with a hearing pursuant to 28 C.F.R. § 2.80(o)(1). Therefore, by Memorandum Opinion and Order entered on July 22, 2010, the Court dismissed Claim One as moot.

Additionally, with respect to Claim Two, in the July 22, 2010 Memorandum Opinion, the Court concluded the Commission had committed an error in calculating Gassaway's Superior Program Achievement credit when it conducted his parole hearing under the New Parole Guidelines. Although the error did not entitle Gassaway to immediate release, the Court observed that the error in awarding Gassaway's Superior Program Achievement credit will be carried forward and will impact Gassaway's parole date at future parole reconsideration hearings conducted under the New Parole Guidelines. Therefore, the Court directed Respondent to brief the appropriate remedy, if any, for the error in calculating Gassaway's Superior Program Achievement credit.

On August 11, 2010, the Commission informed the Court that Gassaway will not suffer any continuing harm from the error in calculating his Superior Program Achievement credit under the New Parole Guidelines because the Commission will never again review Gassaway for parole under the New Parole Guidelines. *See* Paroling, Recommitting, and Supervising Federal Prisoners: Prisoners Serving Sentences Under the United States and District of Columbia Codes, 74 Fed. Reg. 58540 (Nov. 13, 2009). According to the Commission's regulations, for inmates such as Gassaway:

> [T]he Commission will apply the 1987 Board guidelines to eligible prisoners in the special hearings and record reviews, and at every future parole determination proceeding held for such a prisoner, whichever set of guidelines were used in past considerations. The Commission will not revert to using the 2000 Commission

3

guidelines [the New Parole Guidelines] at a later parole hearing after a parole proceeding under the 1987 Board guidelines.

*Id.* at 58542. Because Gassaway will never again be reviewed under the New Parole Guidelines, he will not suffer any harm from the error in calculating his Superior Program Achievement. Neither Gassaway nor the record suggest that the prior error in evaluating his Superior Program Achievement has carried over and impacted his evaluation for parole under the 1987 Board guidelines.

By Memorandum Order entered on November 2, 2010, the Court directed Gassaway, within eleven (11) days of the date of entry thereof, to show cause why Claim Two and the action should not be dismissed as moot. More than eleven (11) days have elapsed and Gassaway has not responded.

## IV. Conclusion

Claim Two and the action will be DISMISSED as MOOT.

An appropriate Order shall issue.

Dated: 12-6-10
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge